**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IMO THE ESTATE OF | ) | |
| MARILYN RUTH WEIL | ) | ROW Folio No. 25057-SEM |

## <u>ORDER</u>

WHEREAS, Marilyn Ruth Weil (the "Decedent") died on December 3, 2021, leaving behind a last will and testament dated September 9, 2020 (the "Will");[1] through the Will, the Decedent nominated her son, William S. Weil (the "Executor") as executor and directed the disposition of her estate to four beneficiaries: the Executor; the Decedent's grandsons, Kyle Steven Bassett (the "Exceptant") and Corey Myles Bassett; and the Decedent's daughter, Linda R. Bassett;[2]

WHEREAS, on January 11, 2022, the Sussex County Register of Wills admitted the Will to probate and issued letters testamentary to the Executor;[3]

WHEREAS, the Executor filed an inventory on July 21, 2022 and a first and proposed final accounting on January 6, 2023 (the "Accounting");[4] a notice of the Accounting (the "Beneficiary Notice") was sent to all beneficiaries by the Register of Wills on January 11, 2023;[5] the Beneficiary Notice was on the standard form

---

[1] *See* Docket Item ("D.I.") 2.

[2] D.I. 7.

[3] D.I. 8–9.

[4] D.I. 18–20, 22.

[5] D.I. 27.

which provides that the Accounting will be open for any exceptions for three (3) months from the date the notice was mailed;[6]

WHEREAS, the three-month deadline to file exceptions to the Accounting expired on April 11, 2023; on April 19, 2023 (eight days after the applicable deadline), the Exceptant filed exceptions (the "Exceptions") with a cover letter explaining the delay;[7] the Exceptant contends he never received the Beneficiary Notice, he learned of it for the first time in late January, and, at his request, a second notice was sent, which he received on January 25, 2023;[8] the Exceptant provided a copy of the second notice (the "Second Notice"), which was on the same standard form and noted at the bottom the original mailing date of January 11, 2023, but that it was "sent again" on January 19, 2023;[9]

WHEREAS, the Executor requested, via letter, that the Exceptions be dismissed as time-barred under 12 *Del. C.* § 2302(d);[10] that request was heard on June 14, 2023, at which time I reserved decision and gave the Exceptant two weeks

---

[6] *Id.*

[7] *See* D.I. 30–32.

[8] D.I. 31.

[9] *Id.*

[10] D.I. 33.

to file a brief regarding the timeliness of the Exceptions (due June 28, 2023);[11] the Exceptant timely filed his brief, to which the Executor responded on July 11, 2023;[12]

WHEREAS, interested parties of an estate are conferred the right to file exceptions to an accounting under the Delaware Constitution, which provides, in pertinent part, that "[e]xceptions may be made by persons concerned to both sides of every such account . . . and the exceptions shall be heard in the Court of Chancery for the County; and thereupon the account shall be adjusted and settled according to the right of the matter and the law of the land;"[13] that right is qualified in 12 *Del. C.* § 2302(d) and Court of Chancery Rule 197, which both impose a three-month limit triggered from the date the Beneficiary Notice is mailed;[14]

WHEREAS, Court of Chancery Rule 6 governs motions to extend a deadline in the Court's rules; thereunder, a motion made after the deadline has passed will only be granted if the moving party demonstrates both good cause and that the failure to act timely was the result of excusable neglect;[15] excusable neglect refers to "neglect which might have been the act of a reasonably prudent person under the

---

[11] D.I. 37.

[12] D.I. 38–39.  I have carefully considered all factual averments and arguments in the parties' submissions, even if not restated herein.

[13] Del. Const. art. IV, § 32.

[14] 12 *Del. C.* § 2302(d); Ct. Ch. R. 197.

[15] Ct. Ch. R. 6(b).

circumstances;"[16] this Court asks two questions in addressing excusable neglect: "(1) whether a party has demonstrated reasonable diligence; and (2) whether the opposing party will be improperly prejudiced by an extension;"[17] the "excusable neglect" standard applies to all those appearing in this Court, even self-represented parties;[18]

**IT IS HEREBY ORDERED** this 30th day of October 2023, as follows:

1.  The Exceptant's request for an extension should be DENIED, the Executor's request to dismiss should be GRANTED, and the Exceptions should be DISMISSED as untimely.

2.  I accept the Exceptant's representations that the first Beneficiary Notice did not reach him, and I appreciate his frustration with mailing delays. But the deadline for filing exceptions is triggered from mailing, not receipt. The Exceptant was informed of the Beneficiary Notice shortly after it was mailed, and the Second Notice was sent to him without delay. Further, the Second Notice expressly noted

---

[16] *In re Amelia Noel Living Tr.*, 2022 WL 2833918, at *1 (Del. Ch.) (quoting *Encite LLC v. Soni*, 2011 WL 1565181, at *2 (Del. Ch. Apr. 15, 2011), *aff'd*, 2023 WL 2436285 (Del. 2023).

[17] *Id.* at *1 (quoting *Mennen v. Fiduciary Tr. Int'l of Delaware*, 167 A.3d 507, 511 (Del. 2016)).

[18] *See In re Wolhar v. Wolhar*, 2018 WL 2758377, at *2 (Del. Ch.) ("The Court has the discretion to allow *pro se* litigants some leniency, and also to address untimely objections to accountings if the exceptant provides an adequate explanation for her untimeliness.") (citations omitted), *aff'd*, 2018 WL 2758377 (Del. Ch. June 7, 2018).

4

the earlier mailing and did not extend the applicable deadline; the Exceptant's argument that it implicitly did, or that staff at the Register of Wills communicated as much, is rejected as unsupported and unpersuasive. The Second Notice represents a clear and unequivocal message that the Exceptions remained due within three (3) months of the original mailing. Reasonable diligence would have led any person, even a self-represented party, to meet that deadline or seek an extension before the deadline passed. Such remains true even accepting that the Exceptant was attempting to resolve his concerns before, or in lieu of, filing the Exceptions. The Exceptant failed to act with reasonable diligence to timely file the Exceptions and has not demonstrated excusable neglect supporting an extension of time.

3.     On excusable neglect, alone, I would recommend the extension be denied. But I further find the estate would be prejudiced by granting the extension. Doing so would impose increased attorneys' fees and costs on an estate that otherwise should be closed; I am not inclined to impose these costs where the moving party failed to demonstrate good cause for an extension nor that he acted diligently in seeking relief from the deadline to do so.

4.     This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Court of Chancery Rule 144.

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Magistrate in Chancery

5